AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

UNITED STATES OF AMERICA

v.

JACQUELINE POLVERARI

JUDGMENT IN A CRIMINAL CASE

CASE NO: 3:12CR210JBA
USM NO: 21313-014

*HENRY K. KOPEL*
Assistant United States Attorney

*NORMAN PATTIS*
Defendant's Attorney

**THE DEFENDANT:** pled guilty to counts one and two of the information.

Accordingly the defendant is adjudicated guilty of the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Counts |
|---|---|---|---|
| 18 U.S.C. § 1344 | BANK FRAUD | 5/2009 | One and Two |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of **12 MONTHS and 1 DAY on Counts One and Two to run concurrently.**
The sentence imposed is a departure pursuant to Fed.R.Crim.P.32.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **36 months**.
The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. Defendant shall pay restitution in the amount $1,875,563.84 at a minimum rate of $300.00 per month while on supervised release. Restitution is payable pro rata to: Wells Fargo Home Mtg. $404,269.01; Wells Fargo Home Mtg. $403,000.00; JP Morgan Chase $231,149.53; Nationstar Mtg. LLC $258,217.11; MetLife Home Loans $224,492.22; Bank of New York $124,223.08; Stewart Title Guaranty Co. $116,280.89; Patriot Title Agency, Inc. $113,932.99. (See Attached List)
This amount may be modified based on the defendant's ability to pay as determined by USPO and approved by the Court.

2. Defendant shall participate in mental health treatment program as approved by USPO. Defendant shall pay all, or a portion of the costs associated with such treatment, based on defendant's ability to pay as determined by USPO.

3. Defendant shall not possess a firearm or other dangerous weapons.

4 Defendant shall provide USPO with access to requested financial information.

5. Defendant shall not acquire new credit cards or open new lines of credit, and will not incur credit card charges on any existing accounts over $500.00 without prior permission of USPO until her restitution obligation has been satisfied.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | | |
|---|---|---|
| **Special Assessment:** | $200.00 | $100 PER COUNTS 1-2 |
| **Fine:** | | WAIVED |
| **Restitution:** | $1,875,563.84 | PAYABLE AT THE RATE OF $300.00 PER MONTH |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**JUDICIAL RECOMMENDATIONS TO THE BUREAU OF PRISONS**

The defendant shall self surrender on November 5, 2014 at 12 noon to the U.S. Marshal for Connecticut or to the facility designated by the Bureau of Prisons. The Court strongly recommends that the defendant be designated to FCI Danbury to facilitate family visitation.

**August 5, 2014**
Date of Imposition of Sentence

/s/ Janet Bond Arterton, USDJ

Janet Bond Arterton
United States District Judge
Date: August 11, 2014

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

Joseph P. Faughnan
United States Marshal

By _____
Deputy Marshal

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE** _____
**ROBERTA D. TABORA, Clerk**
**BY:** _____
  **Deputy Clerk**

## Polverari Loans

| Restitution Party | Lender | Loan Number | Borrower | Property | Loan Amount | Date of Loan | Polverari Responsibility - Current Balance |
|---|---|---|---|---|---|---|---|
| Wells Fargo Home Mortgage, Default Servicing Litigation Support, Attn: Katherine Skinner, MAC x3801-026, Stagecoach Circle, Frederick, MD 21701, katherine.skinner@wellsfargo.com, phone (204) 586-8360 | Wells Fargo Home Mortgage | | David Polverari | 13 Katie Joe Lane, Branford, CT | $ 416,000.00 | 1/12/2007 | $ 404,269.01 |
| Wells Fargo Home Mortgage, Default Servicing Litigation Support, Attn: Katherine Skinner, MAC x3801-026, Stagecoach Circle, Frederick, MD 21701, katherine.skinner@wellsfargo.com, phone (204) 586-8360 | Wells Fargo Home Mortgage | | David Polverari | 13 Katie Joe Lane, Branford, CT | $ 403,000.00 | 2/9/2007 | $ 403,000.00 |
| JP Morgan Chase, 270 Park Avenue, New York, NY 10017-2014, attn Jack Cascio (212) 270-6000 | Chase Bank, N.A. | | Jacqueline Polverari | 28 Pease Road, Hamden, CT | $ 232,000.00 | 10/3/2007 | $ 231,149.53 |
| Nationstar Mortgage, LLC, Legal Department, Sharon Bruner, 350 Highland Drive, Lewisville, TX 75067, (972) 956-6691 | Nationstar Mortgage, LLC | | Catherine Galich | 30 Mohawk Street, Stratford, CT | $ 260,000.00 | 11/1/2007 | $ 258,217.11 |
| *** MetLife Home Loans, c/o James Byrne of LeClairRyan, One Financial Plaza, 755 Main Street, suite 2000, Hartford, CT 06103 | MetLife Home Loans | | Salvatore Bevilacqua | 488 Main Street, East Haven, CT | $ 248,675.00 | 9/12/2008 | $ 224,492.22 |
| *** Bank of New York, c/o attorney r. Allen Wasserman, Lock Lord LLP, 3 World Financial Center, 20th Floor, New York, NY 10281-2101, (212) 812-8306 | Bank of New York | | Salvatore Bevilacqua | 488 Main Street, East Haven, CT | $ 248,675.00 | 9/12/2008 | $ 124,223.08 |
| Stewart Title Guaranty Company, attn:Jessica E. Thurbee, 808 Eden Way North, Suite 100, Chesapeake, VA 23320 | Flagstar Bank | | George Carrington | 718 Cummins Highway, Mattapan, MA | $ 352,818.00 | 1/20/2009 | $ 116,280.89 |
| Patriot Title Agency, Inc., 5128 Tuscarawas Street, Canton, OH 44708, attn Jeff Miller, telephone (330) 479-3000 | Flagstar Bank | | George Carrington | 718 Cummins Highway, Mattapan, MA | $ 352,818.00 | 1/20/2009 | $ 113,932.00 |
| **Total Loss As A Result Of Fraud** | | | | | **$ 2,513,986.00** | | **$ 1,875,563.84** |

*** There is ongoing litigation to determine whether the new lender (MetLife) who wired the funds to Polverari is entitled to the restitution or whether the original lender, Bank of New York, should receive restitution.
The MetLife loan is currently active with payments received from the borrower, but it does not hold first position as the lien holder. Bank of New York holds the first position, but its loan is in default for non-payment.

1

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

    (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (I) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
         **Defendant**                          **Date**


         _____    _____
         **U.S. Probation Officer/Designated Witness**    **Date**